# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:15-cr-40055-JPG-4 |
| KEENON J. FARR, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This is the second time that Defendant Keenan J. Farr has filed a motion that attacks his criminal sentence on ineffective assistance of counsel, due process, and defective indictment grounds. (ECF No. 201.) There again appears to be some confusion with the procedural aspects of the motion: Farr cites to "Rule 60(b)(3)"—which presumably means Federal Rule of Civil Procedure 60(b)(3). So just like last time, the Court believes that Farr intended to file a 28 U.S.C. § 2255 petition instead, especially considering his caption includes the titles "petitioner" and "respondent."

The Court, however, is hesitant to construe this motion as a § 2255 petition without a clear indication that Farr intends to invoke that statute. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's second or successive restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

1

Accordingly, the Court **WARNS** Defendant Farr that if he does not file a motion to withdraw his pending motion (ECF No. 201) on or before September 30, 2018, the Court will construe it as a § 2255 motion and subject Farr to the law's second or successive filing requirements.

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 5, 2018**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**DISTRICT JUDGE**
