IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 15–CR–40055–JPG

KEENON J. FARR,
Defendant.

## **MEMORANDUM AND ORDER**

Before the Court are Defendant Keenon J. Farr's pro se Motions for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. (ECF Nos. 205, 206).

Farr pled guilty to an indictment alleging one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. At sentencing in June 2016, the Court found by a preponderance of the evidence that Farr was involved in distributing crack cocaine. The total relevant conduct was determined to be 1,880.15 kilograms of marihuana-equivalent units. This established a base offense level of 30. Farr received a three-point reduction for promptly accepting responsibility, making the total offense level 27. Considering Farr's criminal history category of IV, the Guidelines authorized a sentencing range of 100 to 125 months imprisonment, and the Court imposed a sentence of 125 months. Farr now asks the Court to apply amendments to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously-imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two

—1—

criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range; and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. United States v. Lawrence, 535 F.3d 631, 637–38 (7th Cir. 2008); see United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Court does not have subject matter jurisdiction to consider Farr's reduction request because he cannot satisfy the first criterion. Farr was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Pursuant to emergency authority granted in § 8 of the Fair Sentencing Act of 2010, Pub. L. 111–220, the Sentencing Commission promulgated emergency Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various amounts of crack cocaine. However, Farr's June 2016 sentence was calculated using Amendment 782 and *already reflects the reductions* implemented by that amendment. Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because Farr cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. See Lawrence, 535 F.3d at 637–38; Forman, 553 F.3d at 588. The Court therefore **DISMISSES** his Motions (ECF Nos. 205, 206) for **lack of jurisdiction**.

**SO ORDERED.**

**Dated: September 5, 2019**

                                            S/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**